# NEMEROFF LAW OFFICES, LTD.
### ATTORNEYS AND COUNSELORS AT LAW

105 W. Madison Street, Suite 1900
Chicago, Illinois 60602
Telephone: (312) 629-8800  Facsimile: (312) 629-0388
www.davidnemeroff.com

June 22, 2020

Via certified mail/return receipt requested

Nick Sigcrist
Americlaim
2250 Point Blvd., Ste 310
Elgin, IL 60123
Nick.sigcrist@americlaim.com

| | |
|---|---|
| Our client(s): | Jacquleine Mueller, Luke Mueller, Marion Mueller, a minor & Juliette Bohn, a minor |
| Your Insured: | Justin Heath Childs & Specialized Transportation Enterprises |
| Your File No. | 217727 |
| Claim No. | 536831 |
| Date of Accident: | 07/12/2019 |

Dear Mr. Sigcrist:

This firm represents the plaintiffs in the above referenced lawsuit filed in the Circuit Court of Cook County.  We are serving your client have served your insured Justin Childs via Illinois Secretary of State.

We hereby tender the enclosed summons and complaint to your attention for the defense. Your failure to file a timely appearance by counsel will result in our taking a default judgment against your insured.

If you have any questions, please feel free to contact me.

Very truly yours,

David Nemeroff
DN/jc
Enclosure

FILED
6/16/2020 11:46 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
9493820

FILED DATE: 6/16/2020 11:46 AM   2020L006429

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JACQUELINE MUELLER, Individually
and as Mother and Next Friend of
MARION MUELLER a minor,
LUKE MUELLER, Individually and as
Father and Next Friend of
MARION MUELLER a minor, and
PATRICK BOHN, Individually,
and as Father and Next Friend of
JULIETTE BOHN, a minor

      Plaintiffs,

   -vs-

JUSTIN H. CHILDS, and
SPECIALIZED TRANSPORTATION
ENTERPRISES, a foreign corporation

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. **2020L006429**

Amount Claimed: In Excess of $50,000

## COMPLAINT

NOW COME the Plaintiffs, JACQUELINE MUELLER, Individually and as Mother and

Next Friend of MARION MUELLER, a minor, and LUKE MUELLER, Individually and as Father

and Next Friend of MARION MUELLER, a minor, and PATRICK BOHN, Individually and as

Father and Next Friend of JULIETTE BOHN, a minor, ("Plaintiffs"), by and through their

attorneys, NEMEROFF LAW OFFICES, LTD., and complaining of Defendants, JUSTIN H.

CHILDS ("CHILDS") and SPECIALIZED TRANSPORTATION ENTERPRISES, INC.,

("SPECIALIZED") and state in support, as follows:

## COUNT I - NEGLIGENCE
### (Jacqueline Mueller v. Justin Childs)

1. At all times relevant, Defendant JUSTIN CHILDS resided in the city of Hartford,

Sebastian County, Arkansas and was a nonresident of this State.

2. At all times relevant, Defendant SPECIALIZED was incorporated in the State of

Minnesota with its principal place of business in the city of Victoria, Carver County, Minnesota.

FILED DATE: 6/16/2020 11:46 AM   2020L006429

3.     At all times relevant, Defendant SPECIALIZED, having not registered with the Illinois Secretary of State, was not authorized to transact business in this state and, pursuant to 735 ILCS § 5/2-102, was a nonresident of this State.

4.     As all Defendants are nonresidents of the State, pursuant to 735 ILCS § 5/2-101, an action may be commenced in any county within the State.

5.     At all times relevant, Plaintiff, JACQUELINE MUELLER, resided in Chicago, Cook County, Illinois.

6.     At all times relevant, Plaintiff, LUKE MUELLER, resided in Chicago, Cook County, Illinois.

7.     At all times relevant, Plaintiff, MARION MUELLER, resided in Chicago, Cook County, Illinois.

8.     At all times relevant, Plaintiff, MARION MUELLER, is a minor with a birth date of October 31, 2011.

9.     At all times relevant, Plaintiff, JACQUELINE MUELLER, was the Mother and Next Friend of Plaintiff MARION MUELLER.

10.     At all times relevant, Plaintiff, LUKE MUELLER, was the Father and Next Friend of Plaintiff MARION MUELLER.

11.     At all times relevant, Plaintiff, JULIETTE BOHN, was a minor with a birth date of July 5, 2002.

12.     At all times relevant, Plaintiff, JULIETTE BOHN, resided in Chicago, Cook County, Illinois.

13.     At all times relevant, Plaintiff, PATRICK BOHN, was the Father and Next Friend of Plaintiff, JULIETTE BOHN.

2

FILED DATE: 6/16/2020 11:46 AM   2020L006429

14.     On July 12, 2019 at approximately 5:35 p.m., Plaintiff, LUKE MUELLER, operated and controlled a motor vehicle, traveling northbound on Randall Road at the intersection of Higgins Road in the city of Elgin in Kane County, Illinois.

15.     At said time and place, Plaintiffs JACQUELINE MUELLER, MARION MUELLER, a minor, and JULIETTE BOHN, a minor, were passengers in the vehicle driven by Plaintiff LUKE MUELLER.

16.     At all relevant times, Plaintiff LUKE MUELLER was in the exercise of due care and caution for his own safety and for the safety of others.

17.     On July 12, 2019 at approximately 5:35 p.m., Defendant CHILDS operated and controlled a motor vehicle, traveling northbound on Randall Road at the intersection of Higgins Road in the county of Kane and the state of Illinois.

18.     At said time and place, Plaintiff, LUKE MUELLER, legally and properly stopped his vehicle at a traffic signal at the intersection of Randall Road and Higgins Road in Elgin, Kane County, Illinois.

19.     On July 12, 2019, Defendant CHILDS owed to Plaintiff, JACQUELINE MUELLER, a duty to operate, maintain and control his motor vehicle in a safe and lawful manner.

20.     Notwithstanding said duty, at said time and place Defendant CHILDS was guilty of one or more of the following careless and negligent acts or omissions:

(a)     Operated his motor vehicle without keeping a proper and sufficient lookout;

(b)     Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

(c)     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

3

FILED DATE: 6/16/2020 11:46 AM    2020L006429

(d)   Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

(e)   Following too closely; and

(f)   Was otherwise negligent in the operation of his motor vehicle so as to cause a collision involving Plaintiff's vehicle.

21.    As a direct and proximate result of one or more of the foregoing acts and/or omissions, the vehicle driven by Defendant CHILDS struck another vehicle, which in turn caused a collision with the vehicle in which Plaintiff JACQUELINE MUELLER was a passenger.

22.    As a direct and proximate result of aforementioned collision, Plaintiff JACQUELINE MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE,** Plaintiff JACQUELINE MUELLER demands judgment against Defendant JUSTIN H. CHILDS in an amount greater than $50,000 plus costs.

### COUNT II - NEGLIGENCE
**(Jacqueline Mueller, Individually and as Mother and Next Friend of Marion Mueller v. Justin H. Childs)**

1-18.    Plaintiff hereby re-alleges and restates Paragraphs 1-18 of Count I as if fully pled herein under Count II.

19.    On July 12, 2019, Defendant CHILDS owed to Plaintiff MARION MUELLER a duty to operate, maintain, and control his motor vehicle in a safe and lawful manner.

20.    Notwithstanding said duty, at said date, time, and location, Defendant CHILDS was guilty of one or more of the following careless and negligent acts or omissions:

(a)   Operated his motor vehicle without keeping a proper and sufficient lookout;

(b)   Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

4

FILED DATE: 6/16/2020 11:46 AM   2020L006429

(c)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

(d)    Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

(e)    Following too closely; and

(f)    Was otherwise negligent in the operation of his motor vehicle so as to cause a collision involving Plaintiff's vehicle.

21.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, the vehicle of Defendant caused a collision involving the vehicle in which Plaintiff MARION MUELLER was a passenger, greatly damaging the same.

22.    As a direct and proximate result of aforementioned collision, Plaintiff MARION MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, JACQUELINE MUELLER, Individually and as Mother and Next Friend of MARION MUELLER, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

## COUNT III - FAMILY EXPENSE ACT, 750 ILCS 65/15
### (Jacqueline Mueller, Individually and as Mother and Next Friend of Marion Mueller v. Justin H. Childs)

1-22.    Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count II as if fully pled herein under Count III.

23.    The Family Expense Act, 750 ILCS 65/15 makes Plaintiff, JACQUELINE MUELLER, liable for the medical bills as the mother of MARION MUELLER, a minor.

24.    As a direct and proximate result of aforementioned incident, Plaintiff, JACQUELINE MUELLER, has incurred medical bills and will continue to incur medical bills for the care and treatment, as legal guardian and mother of MARION MUELLER, a minor.

5

FILED DATE: 6/16/2020 11:46 AM   2020L006429

**WHEREFORE**, Plaintiff, JACQUELINE MUELLER, Individually and as Mother and Next Friend of MARION MUELLER, a minor, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

**COUNT IV - NEGLIGENCE**
**(Luke Mueller v. Justin H. Childs)**

1-18.    Plaintiff hereby re-alleges and restates Paragraphs 1-18 of Count I as if fully pled herein under Count IV.

19.    On July 12, 2019, Defendant, JUSTIN H. CHILDS, owed to Plaintiff LUKE MUELLER a duty to operate, maintain, and control his motor vehicle in a safe and lawful manner.

20.    Notwithstanding said duty, at said date, time, and location, Defendant CHILDS was guilty of one or more of the following careless and negligent acts or omissions:

      (a)    Operated his motor vehicle without keeping a proper and sufficient lookout;

      (b)    Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

      (c)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

      (d)    Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

      (e)    Following too closely; and

      (f)    Was otherwise negligent in the operation of his motor vehicle so as to cause a collision involving Plaintiff's vehicle.

21.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant CHILDS, the vehicle of Defendant caused a collision involving the vehicle in which Plaintiff LUKE MUELLER was the driver, greatly damaging the same.

FILED DATE: 8/16/2020 11:46 AM   2020L006429

22.     As a direct and proximate result of aforementioned collision, Plaintiff LUKE MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, LUKE MUELLER, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

### COUNT V - NEGLIGENCE
**(Luke Mueller, Individually and as Father and Next Friend of Marion Mueller v. Justin H. Childs)**

1-18.   Plaintiff hereby re-alleges and restates Paragraphs 1-18 of Count I as if fully pled herein under Count V.

19.     On July 12, 2019, Defendant CHILDS owed to Plaintiff MARION MUELLER a duty to operate, maintain, and control his motor vehicle in a safe and lawful manner.

20.     Notwithstanding said duty, at said date, time, and location, Defendant CHILDS was guilty of one or more of the following careless and negligent acts or omissions:

   (a)   Operated his motor vehicle without keeping a proper and sufficient lookout;

   (b)   Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

   (c)   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

   (d)   Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

   (e)   Following too closely; and

   (f)   Was otherwise negligent in the operation of his motor vehicle so as to cause a collision involving Plaintiff's vehicle.

21.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, the vehicle of Defendant caused a collision involving the vehicle in which Plaintiff MARION MUELLER was a passenger, greatly damaging the same.

7

FILED DATE: 6/16/2020 11:46 AM    2020L006429

22. As a direct and proximate result of aforementioned collision, Plaintiff MARION MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, LUKE MUELLER, Individually and as Father and Next Friend of MARION MUELLER, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

### COUNT VI - FAMILY EXPENSE ACT, 750 ILCS 65/15
**(Luke Mueller, Individually and as Father and Next Friend of Marion Mueller v. Justin H. Childs)**

1-22. Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count V as if fully pled herein under Count VI.

23. The Family Expense Act, 750 ILCS 65/15 makes Plaintiff, LUKE MUELLER, liable for the medical bills as the father of MARION MUELLER, a minor.

24. As a direct and proximate result of aforementioned incident, Plaintiff, LUKE MUELLER, has incurred medical bills and will continue to incur medical bills for the care and treatment, as legal guardian and father of MARION MUELLER, a minor.

**WHEREFORE**, Plaintiff, LUKE MUELLER, Individually and as Father and Next Friend of MARION MUELLER, a minor, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

### COUNT VII - NEGLIGENCE
**(Patrick Bohn, Individually and as Father and Next Friend of Juliette Bohn v. Justin H. Childs)**

1-18. Plaintiff hereby re-alleges and restates Paragraphs 1-18 of Count I as if fully pled herein under Count VII.

19. On July 12, 2019, Defendant, JUSTIN H. CHILDS, owed to Plaintiff JULIETTE BOHN a duty to operate, maintain, and control his motor vehicle in a safe and lawful manner.

8

FILED DATE: 6/16/2020 11:46 AM    2020L006429

20.     Notwithstanding said duty, at said date, time, and location, Defendant CHILDS was guilty of one or more of the following careless and negligent acts or omissions:

(a)     Operated his motor vehicle without keeping a proper and sufficient lookout;

(b)     Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

(c)     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

(d)     Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

(e)     Following too closely; and

(f)     Was otherwise negligent in the operation of his motor vehicle so as to cause a collision involving Plaintiff's vehicle.

21.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant CHILDS, the vehicle of Defendant caused a collision involving the vehicle in which Plaintiff JULIETTE BOHN was a passenger, greatly damaging the same.

22.     As a direct and proximate result of aforementioned collision, Plaintiff JULIETTE BOHN suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, PATRICK BOHN, Individually and as Father and Next Friend of JULIETTE BOHN, a minor, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

## COUNT VIII - FAMILY EXPENSE ACT, 750 ILCS 65/15
**(Patrick Bohn, Individually and as Father and Next Friend of Juliette Bohn v. Justin H. Childs)**

1-22.     Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count VII as if fully pled herein under Count VIII.

FILED DATE: 6/16/2020 11:46 AM    2020L006429

23.    On July 12, 2019, Plaintiff JULIETTE BOND, being under the age of 18, was a minor.

24.    The Family Expense Act, 750 ILCS 65/15 makes Plaintiff, PATRICK BOHN, liable for the medical bills as the father of JULIETTE BOHN, a minor.

25.    As a direct and proximate result of aforementioned incident, Plaintiff, PATRICK BOHN, has incurred medical bills and will continue to incur medical bills for the care and treatment, as legal guardian and father of JULIETTE BOHN, a minor.

**WHEREFORE**, Plaintiff, PATRICK BOHN, Individually and as Father and Next Friend of JULIETTE BOHN, a minor, demands judgment against Defendant, JUSTIN H. CHILDS, in an amount in excess of $50,000.00, plus costs of suit.

## COUNT IX – NEGLIGENCE (RESPONDEAT SUPERIOR)
### (Jacqueline Mueller v. Specialized Transportation Enterprises, Inc.)

1-18.    Plaintiff hereby re-alleges and restates Paragraphs 1-18 of Count I as if fully pled herein under Count IX.

19.    At all times relevant, Defendant CHILDS was an employee, servant or agent of Defendant SPECIALIZED.

20.    At said time and place, Defendant CHILDS was driving a vehicle owned by Defendant SPECIALIZED.

21.    At said time and place, Defendant CHILDS was acting within the scope of his employment.

22.    At said time and place, Defendant CHILDS' vehicle caused a collision involving the vehicle in which Plaintiff JACQUELINE MUELLER was a passenger, greatly damaging the same.

10

FILED DATE: 6/16/2020 11:46 AM   2020L006429

23.     On July 12, 2019, Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, owed to Plaintiff JACQUELINE MUELLER a duty to operate, maintain and control the motor vehicle in a safe and lawful manner.

24.     Notwithstanding said duty, at said time and place Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, was guilty of one or more of the following careless and negligent acts or omissions:

 (a) Operated the motor vehicle without keeping a proper and sufficient lookout;

 (b) Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

 (c) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

 (d) Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

 (e) Following too closely; and

 (f) Was otherwise negligent in the operation of the motor vehicle so as to cause a collision involving Plaintiff's vehicle.

25.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, Defendant SPECIALIZED's vehicle caused a collision involving the vehicle in which Plaintiff JACQUELINE MUELLER was a passenger, greatly damaging the same.

26.     As a direct and proximate result of aforementioned collisions, Plaintiff JACQUELINE MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

11

FILED DATE: 6/16/2020 11:46 AM    2020L006429

**WHEREFORE,** Plaintiff JACQUELINE MUELLER demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

## COUNT X – NEGLIGENCE (RESPONDEAT SUPERIOR)
**(Jacqueline Mueller, Individually and as Mother and Next Friend of Marion Mueller v. Specialized Transportation Enterprises, Inc.)**

1-22.    Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count IX as if fully pled herein under Count X.

23.    On July 12, 2019, Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, owed to Plaintiff MARION MUELLER a duty to operate, maintain and control the aforementioned motor vehicle in a safe and lawful manner.

24.    Notwithstanding said duty, at said time and place Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, was guilty of one or more of the following careless and negligent acts or omissions:

(a)    Operated the motor vehicle without keeping a proper and sufficient lookout;

(b)    Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

(c)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

(d)    Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

(e)    Following too closely; and

(f)    Was otherwise negligent in the operation of the motor vehicle so as to cause a collision involving Plaintiff's vehicle.

25.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant SPECIALIZED, individually and/or by and through its employees,

12

FILED DATE: 8/16/2020 11:46 AM   2020L008429

servants or agents, Defendant SPECIALIZED's vehicle caused a collision involving the vehicle in which Plaintiff MARION MUELLER was a passenger.

26.     As a direct and proximate result of the aforementioned collision, Plaintiff MARION MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff JACQUELINE MUELLER, Individually and as Mother and Next Friend of MARION MUELLER, demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

### COUNT XI – FAMILY EXPENSE ACT (RESPONDEAT SUPERIOR)
**(Jacqueline Mueller, Individually and as Mother and Next Friend of Marion Mueller v. Specialized Transportation Enterprises, Inc.)**

1-26.    Plaintiff hereby re-alleges and restates Paragraphs 1-26 of Count X as if fully pled herein under Count XI.

27.     On July 12, 2019, Plaintiff MARION MUELLER, being under the age of 18, was a minor.

28.     The Family Expense Act, 750 ILCS 65/15 makes Plaintiff, JACQUELINE MUELLER, liable for the medical bills as the mother of MARION MUELLER, a minor.

29.     As a direct and proximate result of aforementioned incident, Plaintiff, JACQUELINE MUELLER, has incurred medical bills and will continue to incur medical bills for the care and treatment, as legal guardian and mother of MARION MUELLER, a minor.

**WHEREFORE**, Plaintiff, JACQUELINE MUELLER, Individually and as Mother and Next Friend of MARION MUELLER, a minor, demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

13

FILED DATE: 6/16/2020 11:46 AM · 2020L006429

## COUNT XII – NEGLIGENCE (RESPONDEAT SUPERIOR)
### (Luke Mueller v. Specialized Transportation Enterprises, Inc.)

1-22.    Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count IX as if fully pled herein under Count XII.

23.    On July 12, 2019, Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, owed to Plaintiff LUKE MUELLER a duty to operate, maintain and control the motor vehicle in a safe and lawful manner.

24.    Notwithstanding said duty, at said time and place Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, was guilty of one or more of the following careless and negligent acts or omissions:

    (a)    Operated the motor vehicle without keeping a proper and sufficient lookout;

    (b)    Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

    (c)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

    (d)    Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

    (e)    Following too closely; and

    (f)    Was otherwise negligent in the operation of the motor vehicle so as to cause a collision involving Plaintiff's vehicle.

25.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, Defendant SPECIALIZED's vehicle caused a collision involving the vehicle in which Plaintiff LUKE MUELLER was the driver, greatly damaging the same.

14

FILED DATE: 6/16/2020 11:46 AM   2020L006429

26.     As a direct and proximate result of aforementioned collisions, Plaintiff LUKE MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff LUKE MUELLER demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

## COUNT XIII – NEGLIGENCE (RESPONDEAT SUPERIOR)
### (Luke Mueller, Individually and as Father and Next Friend of Marion Mueller v. Specialized Transportation Enterprises, Inc.)

1-22.    Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count IX as if fully pled herein under Count XIII.

23.     On July 12, 2019, Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, owed to Plaintiff MARION MUELLER a duty to operate, maintain and control the aforementioned motor vehicle in a safe and lawful manner.

24.     Notwithstanding said duty, at said time and place Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, was guilty of one or more of the following careless and negligent acts or omissions:

(a)     Operated the motor vehicle without keeping a proper and sufficient lookout;

(b)     Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

(c)     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

(d)     Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

(e)     Following too closely; and

(f)     Was otherwise negligent in the operation of the motor vehicle so as to cause a collision involving Plaintiff's vehicle.

15

FILED DATE: 5/18/2020 11:46 AM    2020L006429

25.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, Defendant SPECIALIZED's vehicle caused a collision involving the vehicle in which Plaintiff MARION MUELLER was a passenger.

26.     As a direct and proximate result of the aforementioned collision, Plaintiff MARION MUELLER suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff LUKE MUELLER, Individually and as Father and Next Friend of MARION MUELLER, demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

<u>**COUNT XIV – FAMILY EXPENSE ACT (RESPONDEAT SUPERIOR)**</u>
**(Luke Mueller, Individually and as Father and Next Friend of Marion Mueller v. Specialized Transportation Enterprises, Inc.)**

1-26.     Plaintiff hereby re-alleges and restates Paragraphs 1-26 of Count XIII as if fully pled herein under Count XIV.

27.     On July 12, 2019, Plaintiff MARION MUELLER, being under the age of 18, was a minor.

28.     The Family Expense Act, 750 ILCS 65/15 makes Plaintiff, LUKE MUELLER, liable for the medical bills as the father of MARION MUELLER, a minor.

29.     As a direct and proximate result of aforementioned incident, Plaintiff, LUKE MUELLER, has incurred medical bills and will continue to incur medical bills for the care and treatment, as legal guardian and father of MARION MUELLER, a minor.

**WHEREFORE**, Plaintiff, LUKE MUELLER, Individually and as Father and Next Friend of MARION MUELLER, a minor, demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

16

FILED DATE: 6/16/2020 11:46 AM 2020L006429

## COUNT XV – NEGLIGENCE (RESPONDEAT SUPERIOR)
### (Patrick Bohn, Individually and as Father and Next Friend of Juliette Bohn v. Specialized Transportation Enterprises, Inc.)

1-22.    Plaintiff hereby re-alleges and restates Paragraphs 1-22 of Count IX as if fully pled herein under Count XV.

23.    On July 12, 2019, Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, owed to Plaintiff JULIETTE BOHN a duty to operate, maintain and control the aforementioned motor vehicle in a safe and lawful manner.

24.    Notwithstanding said duty, at said time and place Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, was guilty of one or more of the following careless and negligent acts or omissions:

   (a)    Operated the motor vehicle without keeping a proper and sufficient lookout;

   (b)    Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

   (c)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

   (d)    Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle, when danger of collision with Plaintiff's vehicle was imminent;

   (e)    Following too closely; and

   (f)    Was otherwise negligent in the operation of the motor vehicle so as to cause a collision involving Plaintiff's vehicle.

25.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant SPECIALIZED, individually and/or by and through its employees, servants or agents, Defendant SPECIALIZED's vehicle caused a collision involving the vehicle in which Plaintiff JULIETTE BOHN was a passenger.

17

26. As a direct and proximate result of the aforementioned collision, Plaintiff JULIETTE BOHN suffered and will continue to suffer injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, PATRICK BOHN, Individually and as Father and Next Friend of JULIETTE BOHN, a minor, demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

## COUNT XVI – FAMILY EXPENSE ACT (RESPONDEAT SUPERIOR)
**(Patrick Bohn, Individually and as Father and Next Friend of Juliette Bohn v. Specialized Transportation Enterprises, Inc.)**

1-26. Plaintiff hereby re-alleges and restates Paragraphs 1-26 of Count XV as if fully pled herein under Count XVI.

27. On July 12, 2019, Plaintiff JULIETTE BOHN, being under 18, was a minor.

28. The Family Expense Act, 750 ILCS 65/15 makes Plaintiff, PATRICK BOHN, liable for the medical bills as the father of JULIETTE BOHN, a minor.

29. As a direct and proximate result of aforementioned incident, Plaintiff, PATRICK BOHN, has incurred medical bills and will continue to incur medical bills for the care and treatment, as legal guardian and father of JULIETTE BOHN, a minor.

**WHEREFORE**, Plaintiff, PATRICK BOHN, Individually and as Father and Next Friend of JULIETTE BOHN, a minor, demands judgment against Defendant SPECIALIZED TRANSPORTATION ENTERPRISES, INC. in an amount greater than $50,000 plus costs.

David Nemeroff, For Plaintiff

NEMEROFF LAW OFFICES, LTD.
ATTORNEYS FOR PLAINTIFF
105 W. Madison St., Suite 1900
Chicago, IL 60602
(312) 629-8800 / Attorney No. 34371
Pursuant to Illinois Supreme Court Rule 11(b)
E-mail for service only: Service@nem-law.com

18

FILED DATE: 8/16/2020 11:46 AM  2020L006429

FILED
6/16/2020 11:46 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
9493820

FILED DATE: 6/16/2020 11:46 AM    2020L006429

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JACQUELINE MUELLER, Individually )
and as Mother and Next Friend of )
MARION MUELLER a minor, )
LUKE MUELLER, Individually and as )
Father and Next Friend of )
MARION MUELLER a minor, and )
PATRICK BOHN, Individually, )
and as Father and Next Friend of )
JULIETTE BOHN, a minor )
          Plaintiffs, )   No.  **2020L006429**
)
      -vs- )   Amount Claimed: In Excess of $50,000
)
JUSTIN H. CHILDS, and )
SPECIALIZED TRANSPORTATION )
ENTERPRISES, a foreign corporation )
)
        Defendants. )

## AFFIDAVIT

I, David B. Nemeroff, first being duly sworn on oath, depose and state as follows:

1.    The damages claimed by the plaintiff exceeds the sum of FIFTY THOUSAND

DOLLARS ($50,000).

FURTHER AFFIANT SAYETH NOT.

David Nemeroff, Esq.
Attorney for Plaintiff

## VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

David Nemeroff

FILED DATE: 6/16/2020 11:46 AM · 2020L006429

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| Summons – Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JACQUELINE MUELLER, et al.

(Name all parties)  Case No.   **2020L006429**

v.

JUSTIN H. CHILDS, et al.

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

**Summons - Alias Summons**                               **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 34371

Atty. Name: NEMEROFF

Atty. for: PLAINTIFF

Address: 105 W Madison, STE 1900

City: CHICAGO

State: IL    Zip: 60602

Telephone: 312-629-8800

Primary Email: service@nem-law.com

Witness: _____

**6/16/2020 11:46 AM DOROTHY BROWN**

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

FILED DATE: 6/16/2020 11:46 AM    2020L006429

FILED DATE: 6/16/2020 11:46 AM 2020L006429

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

◉ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED DATE: 6/16/2020 11:46 AM    2020L006429

<u>Parties to Serve</u>:

Justin H. Childs
6206 Happy Valley Road
Hartford, AR 72938

Specialized Transportation Enterprises, Inc.
CEO: Tracy Snader
8417 Bavaria Road
Victoria, MN 55386